# EXHIBIT A

DISTRICT COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK,

MICHAEL MINTZ,

                Plaintiff        **SUMMONS**

                                 Index No. CV 3395/201tJ

                                 Plaintiffs' Residence Address:

        -against-             281 Collington Drive

RADIUS GLOBAL SOLUTIONS,       Ronkonkoma, NY 11779

                Defendant,

-----------------------------------------------------------------X

Defendant's Address:        Basis of Venue:  Plaintiff's Address

50 West Skippack Pike
Ambler, PA  19002

To the above named Defendant(s):

    YOU ARE HEREBY SUMMONED and required to appear in the

District Court of the County of Suffolk, at the office of the Clerk of

said Court, at 1850 New York Avenue, Huntington Station, New York

11746, in the County of Suffolk, State of New York, by serving an

answer to the annexed complaint upon Plaintiff's attorney, at the

address stated below, or if there is no attorney, upon the Plaintiff at the

address stated above; upon your failure to answer, judgment will be

taken against you for the relief demanded in the complaint, together

with the costs of this action.

DATED: July 28 , 2020

_____

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.

Of Counsel to M. Harvey Rephen & Associates, P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York 10464

Tel:(914)473-6783

NOTE: The law or rules of court provide that:

(a) If this summons is served by its delivery to you or (for a
corporation), an agent authorized to receive service personally

within the County of Suffolk, you must answer within 20 days after such service; or

(b) if this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.

(c) You are required to file a copy of your answer together with proof of service with the Clerk of the District in which the action is brought   within ten days of the service of this answer.

DISTRICT COURT STATE OF NEW YORK
SUFFOLK COUNTY

-------------------------------------------------------------------X

MICHAEL MINTZ .                                    INDEX NO.:

Plaintiff.

-against-                              **COMPLAINT**

Plaintiff.

RADIUS GLOBAL SOLUTIONS,

Defendant(s).
-------------------------------------------------------------------X

PLAINTIFF MICHAEL MINTZ ("Plaintiff"), by and through his attorneys, M.
Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of
Counsel, as and for his Complaint against the Defendant Radius Global
Solutions, (hereinafter referred to as "Defendant", respectfully sets forth,
complains and alleges, upon information and belief, the following:

## **INTRODUCTION/PRELIMINARY STATEMENT**

1.      Plaintiff brings this action on his own behalf for damages and
        declaratory and injunctive relief arising from the Defendant's
        violation(s) of Section 1692 et.seq. of Title 15 of the United States
        Code, commonly referred to as the Fair Debt Collection Practices
        Act ("FDCPA").

## PARTIES

2.    Plaintiff Michael Mintz is a resident of the State of New York, residing at 281 Collington Drive, Ronkonkoma, New York 11779.

3.    Defendant Radius Global Solutions is a Pennsylvania company engaged in the business of debt collecting located at 50 West Skippack Pike, Ambler, PA 19002.

4.    Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC Section 1692a(3).

5.    The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC Section 1692a (6).

## FACTUAL ALLEGATIONS

6.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7.    Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

8.    Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by placing phone calls to the Plaintiff.

9.    The Plaintiff placed a call to Defendant on December 2, 2019 and was connected with a representative. The Plaintiff gave the representative his claim number in order to locate his account.

10.    During the Plaintiff's conversation with the Defendant, the Defendant's representative made several false, deceptive, misleading, and unfair statements.

11.    The Defendant is a debt collector but refused to tell the Plaintiff whether or not the account was in collections and stated that HIPPA Law does not allow her to state if it is in collections. HIPPA Law does not prevent a debt collector attempting to collect a debt from stating if the account is in collections.

12.    The Defendant's representative, in response to the Plaintiff's attempt to dispute the debt, stated that the Plaintiff had to put in a valid reason to dispute. This statement is false and the Plaintiff can dispute the debt if he does not believe it is correct. The Defendant's refusal to take the dispute and state that Plaintiff's dispute is not valid is unfair and misleading.

13.    The Defendant's representative further falsely stated that if it was disputed in writing the debt would not go back into its system to collect. There is no requirement that the dispute be in writing unless the consumer wants

validation and the Plaintiff did not want validation.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

14.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     15 USC Section 1692e-preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

16.     Defendant violated 15 USC Section 1692e-preface and e(10) by:

a:  refusing to tell the Plaintiff if the account was in collections and stating that HIPPA Law does not allow her to state if it is in collections.  HIPPA Law does not prevent a debt collector attempting to collect a debt from stating the account is in collections.

b.     The Defendant, in response to the Plaintiff's attempt to dispute the debt, stated that the Plaintiff had to have a valid reason to dispute.  This statement is false as the Plaintiff can dispute the debt if he does not believe it is correct.  The Defendant's refusal to take the dispute and state that Plaintiff's reason for a dispute is not valid is unfair and misleading.

c.     The Defendant further falsely stated that if it was disputed in writing the

debt would not go back into its system to collect.  There is no requirement that the dispute be in writing unless the consumer wants validation and the Plaintiff did not want validation.

17.   15 USC Section 1692 f-preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

18.   The Defendant violated 15 USC Section 1692 f preface by:

a. refusing to tell the Plaintiff if the account was in collections and stating that HIPPA Law does not allow her to see if it is in collections.  HIPPA Law does not prevent a debt collector attempting to collect a debt from stating if the account is in collections.

b.   in response to the Plaintiff's attempt to dispute the debt Defendant stated that the Plaintiff had to put in a valid reason to dispute.  This statement is false as the Plaintiff can dispute the debt if he does not believe it is correct.  The Defendant's representative's refusal to take the dispute and state that the reason for a dispute is not valid is unfair and misleading.

c.   the Defendant's representative further falsely stated that if it was disputed in writing the debt would not go back into their system to collect.  There is no requirement that the dispute be in writing unless the consumer wants validation and the Plaintiff did not want validation.

19.   As a result of Defendant's violations of the FDCPA, the Plaintiff has been

damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment from the Defendant as follows:

A.  For actual damages provided and pursuant to 15 USC Section 1692k (a)(1) in the amount of $10,000.00;

B.  For statutory damages provided and pursuant to 15 USC Section 1692 (2)(A);

C.  For statutory damages provided and pursuant to 15 USC Section 1692 k(2)(B);

D.  For attorneys' fees and costs provided and pursuant to 15 USC Section 1692 (a)(3);

E.  A declaration that the Defendant's practices violated the FDCPA;

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  July 28, 2020

Respectfully submitted,

By: _____

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C.,
Of Counsel to M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783
Email: epbh@aol.com
Attorney for Plaintiff

## AFFIRMATION

I, Michael Mintz, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Michael Mintz

Sworn to before me this  21  day of  February 2020

Notary Public

JENNIFER L WEISSMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01WE6264554
Qualified in Suffolk County,
Commission Expires July 2, 20 2D